1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATHANIEL A. STEWART, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 12-0509 (EGS) |
| SIMON WAINWRIGHT *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

MEMORANDUM OPINION

Petitioner, while confined at the District of Columbia Jail, initiated this action for habeas corpus relief in April 2012 because he allegedly had been "detained approximately 240 days on a parole violator warrant/detainer without . . . a substantive 'show cause' hearing []or a timely revocation hearing . . . ." Am. Pet. [Dkt. # 2] at 2.  Petitioner seeks his immediate release from "his unlawful confinement" or "an order directing the U.S. Parole Commission to release him on bail pending a hearing before this court." *Id*. at 28.

The federal respondents move to dismiss the petition as moot.  They assert, with evidence, that "on July 13, 2012, the Commission withdrew the parole violation warrant and terminated the parole revocation process," and that the sentence underlying the warrant at issue expired on July 26, 2012.  Fed. Resp't's Mot. to Dismiss Pet'r's Pet. for a Writ of Habeas Corpus [Dkt. # 10] at 1 & Exs. 11, 26.  Petitioner has not contested these facts but rather argues that the case is not moot because the Commission's "withdrawal of the challenged conditions amounts to a 'voluntary cessation' and thus falls squarely into an exception to the mootness doctrine." Pet'r's Mot. to Dismiss Resp't's Mot. to Dismiss Pet'r's Writ of Habeas Corpus [Dkt. # 11] at 5.

Even if true, petitioner is not entitled to habeas relief because "[t]he appropriate remedy [for a delayed parole hearing] is a writ of mandamus to compel the Commission's compliance with the statute not a writ of habeas corpus to compel release on parole or to extinguish the remainder of the sentence." *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983). The Commission's withdrawal of the parole violator warrant and termination of the parole revocation proceedings render any claim for a writ of mandamus moot. *See Vactor v. U.S. Parole Com'n*, 815 F. Supp. 2d 81, 84 (D.D.C. 2011), quoting *West v. Horner*, 810 F. Supp. 2d 228, 234 (D.D.C. 2011) ("If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot.") (other citations omitted). Hence, the Court will grant respondents' motion to dismiss this action as moot. A separate Order accompanies this Memorandum Opinion.

                                              SIGNED:    EMMET G. SULLIVAN
                                              UNITED STATES DISTRICT JUDGE

DATE: November 5, 2012